IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:06-CR-282-D |
| | § | |
| JOHN HAYDEN LARUE, JR., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant John Hayden LaRue, Jr. ("LaRue") moves the court pursuant to 18 U.S.C. § 3143(b) for release pending appeal. For the reasons that follow, *see* Fed. R. App. P. 9(a)(1) and (b),[1] the court denies the motion.

Section 3143(b) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment *shall* be detained unless the judicial officer finds, *inter alia*, that the appeal raises a substantial question of law or fact.[2] A substantial question of law or fact is one that is nonfrivolous and novel, raising substantial doubt as to the outcome of its resolution, with the defendant required to show that a contrary appellate ruling would more probably than not result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the

---

[1]Under Rule 9(b), the court must comply with the requirements of Rule 9(a). Rule 9(a)(1) provides, in pertinent part, that the court must state in writing the reasons for an order regarding the detention of a defendant in a criminal case.

[2]The other elements of § 3143(b) are not pertinent. LaRue does not pose a danger to the community, is not prosecuting this appeal for purposes of delay, and does not present a risk of flight.

expected duration of the appeal process. *See* § 3143(b)(1)(B)(i)-(iv); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1022-25 (5th Cir. 1985).

To obtain release pending appeal, LaRue argues, in relevant part, that he will seek review of the reasonableness of his sentence and the procedure of the Sentencing Guidelines under current precedent. He contends that, based on issues raised in cases pending before the Supreme Court, he will raise substantial questions of law and fact that will likely result in resentencing.

The court holds that LaRue has not demonstrated a substantial question of law or fact under the standard explained in *Valera-Elizondo*. The court in sentencing LaRue considered all the factors set out in 18 U.S.C. § 3553(a). It found that a sentence within the Guideline range was sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). It did not find that a sentence within the Guidelines was presumptively reasonable. And although the pending decisions of the Supreme Court may affect appellate review of the reasonableness of this court's sentence, LaRue has not demonstrated that they will result in the conclusion that this court imposed an unreasonable sentence where, as here, it applied § 3553(a) and fully recognized that the Guidelines were advisory only.

\* \* \*

LaRue's May 17, 2007 motion for release pending appeal is denied.

**SO ORDERED**.

May 17, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE